In re Guardianship of Irving J. Caskey.

**GUARDIAN AND WARD:**  Jurisdiction—Nonresidence of Ward and Guardian.  Guardians, duly appointed and qualified at a time when both guardian and ward are residents of this state, may make valid sales of the ward's property in this state at a time when both guardian and ward have become nonresidents.  (Sec. 3206, Code, 1897.)

PRINCIPLE APPLIED:  A father and son resided in Ida County, Iowa.  The son was one year of age, and owned land in said county.  On due appointment by the Ida County district court, the father duly qualified as guardian of the property of said son.  Some years later, both father and son became *permanent* residents of Missouri.  Some 19 years after the appoint-

ment, the said guardian, *while a resident of Missouri,* applied to said court for leave to sell said land. The request was granted. *A sale was had, in strict compliance with all formalities required by law.* Five years later, and while both guardian and ward were residents of Missouri, the ward, having attained his majority, applied to the said court for an accounting by the guardian. The guardian, in compliance with an order of said court, filed an accounting, the correctness of which appears to have been agreed to by the ward, and said accounting was duly approved by a recorded order of court. The balance due the ward was a substantial sum, and the guardian was ordered forthwith to pay the same to the ward. A few days after this last order was entered, the sureties on the guardian's sale bond intervened in said proceeding, and prayed that the accounting between the guardian and ward and the court's approval thereof be set aside, as fraudulent and void. These intervenors also pleaded that the sale of the land was null and void, because the minor was, at that time, a nonresident, and that said proceedings and all subsequent proceedings were lacking in jurisdiction. A hearing was had. The court found no fraud in the accounting, and again approved the same and the order to pay.

*Held,* the nonresidence of the guardian and the ward at the time of the sale in no wise invalidated the sale.

**GUARDIAN AND WARD:** Removal of Funds from State. Jurisdiction to compel a guardian to account for funds belonging to the ward is not lost because of the fact that the guardian has removed the funds from the state.

*Appeal from Ida District Court.*—M. E. Hutchison, Judge.

## March 18, 1918.

## Rehearing Denied June 27, 1918.

Appeal from an action approving guardian's report. After the approval had been entered, objections were filed to the report by certain bondsmen, who had become such in a proceeding instituted by the guardian, some years before, to sell the minor's real estate. Opinion states the facts. Objection of intervenors overruled; decree approving report affirmed. Intervenors appeal.—*Affirmed.*

*Campbell Bros.* and *Chas. S. Macomber,* for appellants.

*Walter T. J. Rose, A. B. Walter,* and *Jas. C. Walter,* for appellees.

Gaynor, J.—On July 12, 1892, the appellee F. L. Caskey was duly appointed by the district court of Ida County, Iowa, guardian of his co-appellee, Irving. J. Caskey. Upon such appointment, letters of guardianship were duly issued. The minor, Irving J. Caskey, was, at that time, about a year old, and resided in Ida County with his guardian, who is his father. At the time of the appointment of the guardian, the minor was the owner of the undivided one third of the northeast quarter of Section 29–88–41, situated in Ida County. Some years after the appointment, the father and son (guardian and ward) moved to the state of Missouri, and have ever since resided there.

1. GUARDIAN
AND WARD:
jurisdiction:
nonresidence
of ward and
guardian.

On the 21st day of January, 1911, the guardian returned to Iowa, and filed in the district court of Ida County a petition praying for leave to sell his ward's interest in the land aforesaid, alleging that it was for the best interests of the minor that the land should be sold. Due notice was served on the minor, as required by statute, with a copy of the application for the sale. Thereafter, on the 14th day of February, 1911, a guardian ad litem was appointed for said minor, who appeared and filed answer to the petition of the guardian, and a hearing was had upon said petition, which resulted in a decree or order by the court that the guardian sell the interests of the minor in said real estate at public or private sale, for not less than the appraised value, and execute a guardian's deed, conveying the same to the purchaser. Thereupon, the guardian gave a sale bond, conditioned as required by law, and these appellants became sureties upon said bond. The land was duly appraised, and thereafter, the guardian filed a report of the sale and deed with the court for approval; and an order was properly entered, approving the guardian's sale and the deed.

It is conceded that the sale was made in conformity with the order of the court, and that the guardian filed a bond in the office of the clerk of the court, as required by law, and said bond was duly approved; and that the real estate was sold for more than its appraised value; and that the deed executed by said guardian was in due form of law, and was approved by the court.    It appears that the proceeds from said sale came into the hands of the guardian, and the same was taken by him back to his home in Missouri, and that he has never accounted to his minor son therefor.

On the 19th day of January, 1916, the minor, Irving J. Caskey, having reached his majority on the 23d day of October, 1912, appeared in the district court of Ida County, and filed his application, in which he recited that he reached his majority on October 23, 1912, and is now entitled to the possession of his inheritance, which then was and ever since has been in the possession of and wrongfully retained by his guardian, F. L. Caskey; that he has frequently made demand therefor.    In this application he prayed that his guardian be required to report the condition of the estate, and that an order be made requiring the guardian to forthwith pay over to the petitioner the money that may be found due upon said account.    An order was duly made, requiring the guardian to report and account for the estate in his hands belonging to the ward.    On the 15th day of February, 1916, the guardian filed his final report, in which he stated that, pursuant to the order made by the district court of Ida County on the 22d day of January, 1916, directing him, as guardian, to file a final report of all money or property in his possession belonging to his ward, by the 14th day of February, 1916, he made the following report:    That there is owing his ward, Caskey, which was derived from the sale of real estate to one Henning Dahlquist, the sum of $4,537.33, with interest thereon amounting to $1,166.29;

that there is further due and owing his ward the sum of $592.98, on account of other moneys received as guardian, on which there is accrued interest to the amount of $133.09, making a total sum on the credit side of $6,429.69, against which the guardian is entitled to a credit of $726.84, leaving a final balance due the ward, unaccounted for, of $5,702.85. The guardian further said, in said report, that he was unable to attach vouchers to his report for the money paid out for the ward, inasmuch as his receipts had been mislaid. To the report was attached the following stipulation:

"It is hereby stipulated and agreed by and between the said F. L. Caskey, as guardian of Irving J. Caskey, a minor, that the said Irving J. Caskey is now of age, having arrived at the age of 21 years on October 23, 1912; that, in consideration of the said guardian waiving his right to claim fees as such guardian, the said Irving J. Caskey waives claim to have interest compounded on items of interest collected by said guardian, and in consideration of the waiving of the right to claim compound interest on said account, said F. L. Caskey, as guardian aforesaid, waives all claims to guardian fees in said matter. It is further stipulated that the foregoing itemized account prepared to be filed by said guardian has been submitted to the said Irving J. Caskey, and upon examination is found correct, and the method of computing interest is satisfactory, it being understood and agreed that, between the date of receiving money from real estate sale and settling the bills of expense up to April 1, 1911, is a reasonable time in which to begin charging interest on the money received from the sale of real estate. The said Irving J. Caskey hereby waives the presenting and filing by guardian of vouchers for disbursements made by him as shown in this account. Said account shows a balance due of $5,702.85."

On the 21st day of February, 1916, the report of the

guardian was submitted to the court, and the same was duly approved by the court in the following words and figures:

"Be it remembered that, on this 21st day of February, A. D. 1916, in open court, before the Hon. E. G. Albert, presiding judge, the matter of the final report of said guardian in account and settlement with said minor, dated the 12th day of February, A. D. 1916, and filed in the clerk's office of said district court, with the stipulation of said guardian and ward attached thereto. And also the petition of said minor praying that said account of said guardian be settled, approved and allowed, and that an order be made directing said guardian to pay over to the petitioner, Irving J. Caskey, said minor, all money found due to the petitioner from said guardian on said account, coming up in its regular order for hearing and determination by the court, J. C. Walter, attorney-at-law, appearing for said guardian, and Walter T. J. Rose, attorney-at-law, appearing for said minor, and the court upon inspection of the notice to said guardian, requiring him to file said account in settlement with said minor in the clerk's office of said district court by the 14th day of February, A. D. 1916, finds that said notice is in due form of law, and that said guardian duly accepted service of said notice on the 2d day of February, A. D. 1916, and finds that his signature to said acceptance is genuine, and upon inspection of said report in account and settlement with said minor, finds that it is in due form of law, duly signed, and duly verified by said guardian, and, upon inspection of said stipulation, finds that it is in due form of law, and duly signed by said guardian and minor, and finds that their signatures thereto are genuine, and, upon inspection of said petition, finds that it is in due form of law, duly signed and verified by said Irving J. Caskey, and that the statements and allegations therein contained are true, and finds that the court has jurisdiction

over said parties, and jurisdiction of the subject-matter of said report, and account in settlement with said minor, and jurisdiction of and over the subject-matter of said stipulation, and over the subject-matter of said petition of said Irving J. Caskey, and thereupon hearing the evidence of the respective parties duly introduced according to law, as well as the stipulation of the parties hereto on file herein, and being fully advised in the premises, finds that the statements contained in said guardian's report and account are true, finds that said Irving J. Caskey, minor, arrived at the legal age on the 23d day of October, A. D. 1912, and finds that he was 21 years of age on said date, finds that said report in account and settlement shows a balance due and owing to said minor in and to the amount of $5,702.85; finds that, by said stipulation, said minor, among other things, waives the filing of said vouchers, with said report of said guardian, and agrees in said stipulation that said report in account shows said balance of $5,702.85. And also waives claim by said Irving J. Caskey to have interest on balance from time to time in hands of guardian compounded, and waives claim of said F. J. Caskey to have any fees as such guardian, and that a valuable and sufficient consideration pass from such to the other for the waiver by ward of compounding interest, and the waiving of fees by said guardian; finds that said report in account and settlement should be approved and confirmed, and finds that said Irving J. Caskey, minor, is entitled in and by the law to have said balance of money, as shown by said report in account, paid over to him by said guardian. The court further finds from the evidence that interest on the balances in hands of guardian from time to time since filing former reports approved December 27th, A. D. 1910, has been computed at 6% per annum, simple interest. The court finds that said Irving J. Caskey is entitled to 6% interest per annum, on the item of $592.98, in said account charged against

said guardian from December 27, 1910, less a credit thereon of $160 appearing on said account, dated March 11th A. D. 1911, to wit: $133.09 as appears in said account filed; and is also entitled to 6% per annum interest on item of $4,537.33, in said account charged against said guardian from April 1st, A. D. 1911, less credits thereon of March 4, 1911, $106.66; $175; $235; $15.56; and $34.62 aggregating $566.84, to wit: $1,166.29, as appears in said account filed, that total charges against said guardian are .............. $6,429.69 and his total credits are the sum of ..... ﹒ ....... 726.84

leaving a balance due and owing the said Irving J. Caskey of .................................... $5,702.85

"It is therefore ordered and adjudged by the court that said final report and account of said guardian in settlement with said minor be, and it is hereby, approved and confirmed, and it is further ordered and decreed by the court that F. L. Caskey, as such guardian of the person and property of said Irving J. Caskey, minor, shall, by the 29th day of February, A. D. 1916, pay over in hand to said Irving J. Caskey, said sum of $5,702.85 in lawful money of the United States, shown by said report and by law to be due and payable by said F. L. Caskey, as such guardian, to said Irving J. Caskey.

"Dated in open court this 21st day of February, A. D. 1916."

On March 31, 1916, the appellants herein, H. P. Wallace and George W. Smith, being sureties on the bond given by the guardian in the sale of his ward's land, hereinbefore referred to, filed their petition of intervention, in which they recite the facts hereinbefore set out, and say that the settlement between the guardian and his ward is bottomed in fraud, and was not had for the purpose therein stated, but for the purpose of making a foundation on which said Irving J. Caskey could bring an action against these inter-

venors; deny the facts in the application made by the ward for a report; and state that there is a conspiracy between the minor and his guardian "to frame up a ground for action" against these intervenors on their bond; and they pray that the order approving the report of the guardian be set aside, and that an order be made directing the said minor and his guardian to appear in open court and submit to an examination, so that the court may know what was actually done with the proceeds derived by the guardian from the sale of the real estate.

Thereupon, the court ordered that a hearing upon the petition of intervention be set for April 17, 1916, and that the clerk issue notice of the hearing to the guardian and ward, and that they be required to appear on said day and submit to an examination touching the correctness of their report, and that further proceedings be suspended until such hearing.

On the 18th day of April following, the court made a further order, reciting that the guardian and his ward are now in court; that they shall appear before the court on the 28th day of April, for the purpose of submitting to an examination before this court with respect to the property and funds belonging to the estate; that, if they failed to appear on said date, the order of the court approving the report should be set aside.

On the 11th day of May following, these appellants filed another paper, entitled "Resistance to Final Report of Guardian," in which they recited the facts hereinbefore set out in their petition of intervention, and further alleged that the order entered, approving the report, was absolutely void, in so far as it referred to the proceeds of the sale of the minor's real estate, for the reason that the minor was a nonresident of the state, and that the court had no authority or jurisdiction in the matter, and the order was void.

On the 23d day of September, 1916, the intervenor bondsmen filed an amendment to what they termed their petition of intervention, as follows:

"Comes now your intervenors and amend their petition of intervention, and they respectfully state that the order of M. E. Hutchison, district judge of the district court of Ida County, Iowa, made on the 14th day of February, A. D. 1911 (ordering the sale of the minor's land), was and is absolutely void; that said court had no jurisdiction to make such order; that such order was for the sale of the real estate of a nonresident minor of the state of Iowa, and the court had no jurisdiction over said minor when he made such order; that the petition filed by the guardian, F. L. Caskey, and the notices served upon the said minor, did not give the said court any jurisdiction whatever, and they were all in violation of the laws of the state of Iowa. Your intervenors further state that all proceedings had under and by virtue of said order of this court are absolutely void; that the order of the Hon. E. G. Albert, approving the report of the guardian, in so far as the same refers to the sale of the minor's real estate, is and was absolutely void, and your intervenors state that the petition referred to shows that said minor was a nonresident of the state of Iowa, and that, as such nonresident, no guardian had been appointed by this court, as provided for by law, and that the court had no authority and no jurisdiction of the matter at all, and that said order is and was void, and all proceedings under it were void. Wherefore, your intervenors ask that this court refuse to approve of any act of the guardian attempting to carry out the order of the court, resting on such illegal and invalid order, and for such other relief as the matters herein show that intervenors are entitled to."

To this amendment a demurrer was filed, and rightfully sustained. That it was rightfully sustained is made ap-

parent by the record hereinbefore set out, and it needs no, further comment.

On the 18th day of December, intervenors filed another paper, entitled "Amendment to Petition of Resistance to the Approving of the Final Report," in which they state the facts hereinbefore set out, and further, that no guardian was appointed for the minor in the state of Missouri, but that he and his former guardian were both residents of the state of Missouri, and that the former guardian had no right to hold possession of or to invest any money or property of his ward in the state of Missouri without authority of the minor; and further saying that the minor authorized his guardian to sell the property and invest the proceeds as he did, and that this court had no jurisdiction over the ward or his person, or over the guardian or over the money, because the money was in the state of Missouri; and they claim that the minor is now estopped from claiming that his guardian owes him anything.

To these claims, an answer was filed both by the guardian and the ward.

On the 18th day of December, 1916, a hearing was had upon these several petitions of intervention and resistance, and the testimony of both the minor and his guardian taken and submitted to the court. The court found that there was no fraud or collusion between the minor and his guardian, and framed its order, approving the final order theretofore made.

The first question urged and relied on for reversal is that the court erred in sustaining the demurrer to defendants' amendment to petition attacking the jurisdiction of the court in the proceeding instituted for the sale of the ward's interests in the land.

In that petition it was urged that the court lacked jurisdiction to make the order. The record discloses that the guardian was appointed in Ida County, Iowa; that his

letters issued from the district court of that county; that
the property was situated in Ida County; that the guar-
dian appeared in that court and filed his petition.  He had
never been discharged.  His nonresidence might have been
grounds for his removal, but he had never been removed.
He was still the guardian.  Due notice was served upon the
minor, proper appearance made for him, a guardian ad li-
tem appointed, and defense made by said guardian for the
minor, and everything that the law requires to be done to
make a perfect sale was done in that case.  The mere fact
that the minor was a nonresident of the state, the fact that
the guardian was a nonresident of the state at the time,
go only to the question of the jurisdiction of the person.
The proceeding was *in rem*.  The minor was properly served
with notice of the proceeding.  The sale was ordered made,
a bond was given, as required by statute, the purchaser
paid the purchase price to the guardian, the deed was exe-
cuted to the purchaser, and the sale and deed were ap-
proved by the court.  No reason is suggested by counsel why
this court did not have jurisdiction, or why the sale was in-
valid, other than the fact of the nonresidence of the minor
and his guardian at the time of the sale.  So we say that
the demurrer was rightfully sustained to this amendment.
The court had jurisdiction of the subject-matter and of the
parties.  The proceeding was regular, and the order was

Further than that, to hold the sale not valid is to in-
volve parties who are not before the court.  This attack
upon that proceeding is purely collateral, and, until set
aside by some direct proceedings, must stand.

The next question is a fact question.  This seems to
rest on the thought that the minor had been doing business
for himself; that whatever investments were made by the
guardian, resulting in loss of the property to the ward,
were made with the knowledge and consent of the minor,

and that the minor is estopped to claim anything of these bondsmen on account of any such loss. This question, as well as the contention of plaintiff that the settlement was made collusively, and for the purpose of making these bondsmen liable, was a question of fact. The court held against the appellants on this contention. An examination of the evidence discloses the correctness of the court's ruling. Though, perhaps, there is much in the record that suggests collusion, it amounts merely to a suspicion, not supported by the proof.

It is next contended that the court lost jurisdiction of the property in the hands of the guardian after it had been carried away from the state of Iowa into the state of Missouri, and that the court had no power to make any order touching the property so received by the guardian.

2. GUARDIAN AND WARD: removal of funds from state.

As said before, the guardian still remained the guardian, under his appointment received from the district court of Ida County. The minor appeared in that same court, and filed his petition for an accounting. The guardian raised no question, but appeared, filed his report, and submitted himself to the jurisdiction of the court. The order was made with full jurisdiction both of the subject-matter and of the parties. The mere statement of the proposition is sufficient. Further, it is to protect a minor against such conduct as is shown here that the law requires a guardian to give a bond. The bond is the protection which the minor has against the very act complained of. The fact that the guardian, after the sale, carried the property received from the sale outside the jurisdiction of the court, does not relieve the guardian from his personal liability to the ward for the amount so received and wrongfully, if wrongfully, appropriated. The wrongful appropriation of property, or the wrongful conversion of property by the guardian, does not affect the jurisdiction of the court

to make an order requiring him to account for the money to his ward on application therefor. The act of the guardian may be wrongful, but that act does not affect the jurisdiction of the court, or an order made with jurisdiction of the party against whom the order runs.

There seems to be a confusion of ideas in this case which we are not able to harmonize. It is true that the amount for which these bondsmen is liable is dependent upon a finding on the part of the court of the amount due from the guardian to the ward. This is the final accounting of the guardian to the ward, called for by the trust relationship created by his appointment.

Much of the argument that is injected into this case more properly belongs in the suit which, we understand, has been brought by the ward against these bondsmen (appellants), and has no place in this suit, where the only question involved is the amount due from the guardian to the ward.

The court dismissed the petition of intervention, affirmed the report of the guardian, as made, and we see no. ground in this record for interfering with such order. The cause is, therefore,—*Affirmed.*

PRESTON, C. J., LADD and STEVENS, JJ., concur.